STATE OF NEBRASKA v. ALONZO BAILEY.

FILED DECEMBER 22, 1898.     No. 10386.

1. Criminal Law: PLEA IN ABATEMENT. A plea in abatement may be made when there is a defect in the record which is shown by facts extrinsic thereto. (Criminal Code, sec. 441.)

2. ——: ——. Matters cannot be presented by plea in abatement which are triable under a plea of not guilty.

3. **Intoxicating Liquors**: SALE TO INDIAN: PLEA IN ABATEMENT. In a prosecution for selling intoxicating liquor to an Indian, whether the person named in the information as having purchased the liquor was, or was not, an Indian cannot be raised by a plea in abatement.

EXCEPTION to a ruling of the district court for Sheridan county, WESTOVER, J., presiding. Filed under the provisions of section 515 of the Criminal Code. *Exception sustained.*

*Charles E. Woods, County Attorney,* for exception.

*C. Patterson, contra.*

NORVAL, J.

An information was filed by the county attorney of Sheridan county in the district court against Alonzo Bailey, charging him with selling intoxicating liquor to Samuel Lessert and Benjamin Lessert, otherwise known as Sam Claymore and Ben Claymore, Indians, and not citizens, in violation of section 2, chapter 37b, Compiled Statutes. To the information was filed a plea in abatement, averring: (1) That the parties to whom the intoxicating liquor had been sold were not Indians, and were citizens of the United States; (2) that said Samuel and Benjamin Lessert, *alias* Sam and Ben Claymore, were born in the state of Colorado, and are the sons of one Benjamin F. Lessert, a native-born citizen of the United States. The county attorney replied, denying the averments in the plea in abatement, and alleging that the father of the said Samuel and Benjamin Lessert, *alias* Sam and Ben Claymore, is a white man, and was born in the state of Missouri, and ever since has been, and now is, a citizen of the United States; that the father in 1859 married an Indian woman of the Sioux tribe, and that the persons to whom it is charged the liquor had been sold are the issue of said marriage; that the sons live with their parents on the Pine Ridge, South Da-

kota, Indian reservation, and have tribal relations with
the Sioux Indians, and are under the supervision of, and
draw rations from, the government of the United States.
To the reply the accused interposed a general demurrer,
which was sustained, the prosecution dismissed, and the
defendant discharged. The county attorney excepted to
the ruling, and now brings the record to this court under
the provisions of section 515 of the Criminal Code.

We are asked to determine whether the persons des-
ignated in the information as the parties to whom the
liquor was sold are Indians, and not citizens, within the
meaning of section 2, chapter 37b, Compiled Statutes
1897. In our view this question is not properly presented
by the record. The demurrer was to the reply interposed
to the plea in abatement, and, as in civil actions, the
demurrer reaches back to the first plea defective in sub-
stance. Section 441 of the Criminal Code provides: "A
plea in abatement may be made when there is a defect in
the record, which is shown by facts extrinsic thereto."
The purpose of the plea in abatement is to challenge the
action of the court to defects in the record of a criminal
prosecution by averring the facts not apparent on the
face of the record which render the proceedings illegal,
such as that the grand jury returning the indictment was
not selected in the mode provided by law, that the ac-
cused never was accorded a preliminary examination for
the offense charged in the information, and other similar
causes. The object or scope of the plea in abatement is
not to tender issues properly triable under the plea of not
guilty. The plea in abatement in this case contains no
allegation of a single fact which, if true, would make the
record defective or entitle the accused to be discharged
without trial, but presents matters appropriate to be
adjudicated upon a trial of a plea of not guilty. In a
prosecution for selling intoxicating liquors to a minor
would it be proper to tender by a plea in abatement an
issue whether the person purchasing the liquors was a
minor or an adult, or whether the sales were made by

the accused or some one else? Clearly not. Those matters might be pertinent subjects of investigation under a plea of not guilty, but would not constitute grounds for a plea in abatement. So, too, it was no cause for abating the prosecution, before trial, that the persons to whom the information averred the liquor was sold were not Indians, since it would have devolved upon the state to establish upon the trial of the issues raised by a plea of not guilty that Benjamin and Samuel Lessert were Indians to justify a conviction. The office of a plea in abatement is not to present matters for determination which can be litigated under a plea of not guilty. This is very evident, for the statute expressly provides: "The accused shall be taken to have waived all defects which may be excepted to by a motion to quash, or a plea in abatement, by demurring to an indictment or pleading in bar, or the general issue." (Criminal Code, sec. 444.)

In *United States v. Sanders*, Hempst. [U. S. C. C.] 483, and *United States v. Ward*, 42 Fed. Rep. 320, the question whether the person named in the indictment was an Indian or not was raised and determined under the issue formed by the plea of not guilty. Whether Benjamin and Samuel Lessert, *alias* Ben and Sam Claymore, are, or are not, Indians, the district court was not, nor are we, called upon to decide. The plea in abatement contained no fact showing a defect in the record, and was therefore insufficient in substance, and should have been overruled.

EXCEPTION SUSTAINED.