[No. 8187.]

## LAWS V. THE PEOPLE.

1. PARENT AND CHILD—*Parent's Duty of Support.* The parent cannot be released of his duty to support the child by contract with anyone. (563.)

2. EVIDENCE—*Competency.* Prosecution of a father for a wilful failure to support his child. The parents were divorced, the child being committed to the mother, who in consideration of the conveyance to her of a parcel of encumbered land, had agreed to support the child. The mother was permitted to testify that during the winter following the divorce she was without food or fuel, except as contributed by neighbors, while the father, living only a mile away, had plenty, and ''could not but know we had nothing to eat.'' *Held* prejudicial error—the question being as to whether defendant's conduct was willful. (564.)

The value of the lands conveyed by defendant to the mother was held competent upon the same question. (564.)

The testimony of the mother, not to the value of the encumbered lands, but what she had gotten for them, was held inadmissible. (564.)

3. —— *Willful Neglect.* Failure of the father to inquire as to the needs of the child was held, in view of the circumstances, insufficient to convict of willful neglect. (565.)

*Error to Denver Juvenile Court.* Hon. BEN B. LINDSEY, Judge.

Mr. HARRY E. KELLY, and Mr. CHARLES H. HAINES, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, Mr. CLEMENT F. CROWLEY, Assistant Attorney General, for defendant in error

*Department.*

TELLER, J., delivered the opinion of the court.

The plaintiff in error was convicted, under Chapter 179, Laws of 1911, of wilfully neglecting to support a minor child.

The wife of plaintiff in error obtained a divorce from him in the District Court of Adams County, in this state, in September, 1909, and was given the custody of the child.

During the pendency of the suit for divorce, on June 16, 1908, the parties came to an agreement as to alimony, and entered into a written contract under which the defendant conveyed to the plaintiff his equity in a tract of 64 acres of land in Adams County. The agreement provided that the conveyance of the equity should be in satisfaction of plaintiff's claims for alimony, and for the support of the child. In September, 1912, upon the complaint of Mrs. Laws, the District Attorney of the City and County of Denver filed an information in the Juvenile Court, charging plaintiff in error with willful failure to provide support for his child, from January 1st, 1912, to the date of the information.

Of the many errors assigned it will be necessary to consider only three.

It is no doubt correct, as the state claims, that the law imposed upon defendant a duty to provide a reasonable support for his child, and he could not relieve himself of it by a contract with any one. But the fact that he had entered into a contract and thereby made provision for such support may have an important bearing upon the real issue in this case, to-wit: Did he *willfully* neglect to provide the support?

It was conceded that he did not contribute to the child's maintenance except by conveying the land to the mother, and that left only the question of willfulness to be determined. Whether or not the former wife had, at any time since the contract of 1908, been in indigent circumstances, was clearly beside the case. Yet, over the objection of defendant's counsel, she was permitted to testify that during the winter following the divorce she had been without food

or fuel, except what was contributed by neighbors, while defendant living only a mile away, had plenty. And she added, "he couldn't help but know that we had nothing to eat." This was clearly inadmissible and could hardly have failed to confuse the jury, to the prejudice of defendant. At that time she must reasonably be supposed to have had the benefit of the property which defendant had recently conveyed to her, out of which she was to support the child. He had no reason to suppose the child was in want, and was not responsible for the mother's support. Certainly his failure to supply food for the child at that time can not be regarded as willful. The admission of this testimony was error, and the assignment thereon is well taken. As bearing upon defendant's conduct in making no contribution to his child's support after he had conveyed to Mrs. Laws the equity in the farm, the value of that equity becomes important. If it was of considerable value, no inference that the defendant wilfully failed in the imposed duty, can be drawn from the fact that he made no further contribution to the child's support, until it might reasonably be supposed that the property conveyed had been used up for that purpose. A smaller value would make less reasonable defendant's claim that he relied upon the conveyance to provide the required support. The value should therefore have been determined by proper evidence under the well established rules for proving value.

Over defendant's objection, Mrs. Laws was permitted to testify, not to the value of the property conveyed to her, but that she traded it for other property, and took some encumbrances on the ranch, and eventually received only $460.00.

This evidence was incompetent, and may have given and probably did give the jury a wrong impression of the value of the land, and hence prejudiced the defendant on a point vital to his defense.

It is further urged that the evidence does not sustain the verdict.

It appears that no demand was ever made upon the de-

fendant to support the child, and he did not visit Mrs. Laws' home to ascertain the child's needs or condition; but he testifies that he saw the child several times, that he made inquiry of neighbors and learned that the child appeared to be well cared for; that he did not go to the home of Mrs. Laws, because he feared personal violence at her hands, she having assaulted him when he last called on her.

While defendant would no doubt be liable in a civil action for necessaries supplied to his minor child, regardless of his knowledge of her needs, we can not agree with counsel for the state that his failure to ascertain her needs and to make provision for her support, other than by the conveyance of the property to her mother for that purpose, is sufficient to prove willful neglect. To be willful the neglect must have occurred while defendant knew, or ought to have known, that the need existed. In the absence of competent evidence of the value of the farm it can not be said that defendant might not reasonably have supposed that there was still available a part of the proceeds of the property to support the child. Unless that supposition is shown to be unreasonable, no inference can be drawn that he did not so believe.

In other words, unless it clearly appears that defendant could not, in good faith, have supposed that the provision which he had made for his child's support by deeding the land to the mother was sufficient for the purpose to the time of the filing of the information, no inference of willful neglect can be drawn from his inaction in the matter.

Excluding the incompetent testimony, there was not evidence sufficient to sustain the verdict.

For the errors above named the judgment is reversed and the cause remanded.

*Reversed and remanded.*

GABBERT, C. J., and HILL, J., concur.