## No. 10,157.

### THE PEOPLE v. DRISCOLL.

Decided October 2, 1922.

Error by the people to review a judgment of dismissal in a criminal case.

*Reversed.*

1.  CRIMINAL LAW—*Non-Support—Abatement.* Allegations of a plea in abatement in a non-support case, reviewed, and held that they could have been presented and considered under a plea of not guilty.

2.  *Plea in Abatement.* A plea in abatement is not the proper way to raise any defense which could be considered under a plea of not guilty.

*Error to the District Court of the City and County of Denver, Hon. Warren A. Haggott, Judge.*

Mr. VICTOR E. KEYES, attorney general, Mr. CHARLES R. CONLEE, assistant, Mr. PHILIP S. VAN CISE, district attorney, Mr. JAMES E. GARRIGUES, assistant, Mr. KENNETH W. ROBINSON, deputy, for the people.

Mr. ROBERT H. KANE, for defendant in error.

*En banc.*

Mr. Justice Burke delivered the opinion of the court.

An information was filed against defendant charging,—

"That John Driscoll on November 1, 1920, and thence continually to February 2, 1921, at the City and County of Denver, Colorado, being then and there a man residing in this State then and there unlawfully and feloniously did willfully neglect fail and refuse to provide reasonable support and maintenance for his wife, Mary Driscoll, and minor children, Ellen, aged 13 years and Genevieve, age 11 years."

To that information defendant filed his plea in abatement and motion to quash. From an adverse ruling thereon the people prosecute this writ under sec. 1997 R. S. 1908.

The information was filed under the Act of 1911, p. 527. Section 1 of that Act reads:

"Any man who shall willfully neglect, fail or refuse to provide reasonable support and maintenance for his wife, or for his legitimate or illegitimate child or children, under sixteen years of age, * * * shall be deemed guilty of a felony, * * *."

Section 7 of the same Act, referring to the same offense, provides:

"The offense shall be held to have been committed in any county of this state in which such child or children or wife may be at the time such complaint is made."

It is said this information should be quashed because not presented by the district attorney, because its allegation of venue is defective, and because it does not recite that defendant was the father of the children mentioned. The first and second contentions are unsupported by the record and the third is fully answered by reading the charge.

The remaining question is: Did the trial court properly sustain the plea in abatement? The plea sets forth: 1. Want of facts; 2. Non-liability for support of the wife; 3. Action for divorce by the wife against defendant, on the ground of extreme cruelty, dismissed for want of proof;

4. Refusal of the wife to occupy the home provided by defendant; 5. Custody of the children in a third person by the consent and connivance of the wife and over the protest. of defendant; 6. That since the disposition of the divorce case above mentioned defendant has paid $20.00 per month for the support of said children; 7. That defendant is ready and willing to support his wife and children if they be so situated that that duty devolves upon him.

The Act of 1911 imposes no new duty upon the husband. It simply makes the willful neglect of a duty theretofore existing a felony. Defendant's plea in abatement is merely an allegation: First, That he did not fail to support; second, that under the circumtances there was no duty to support. Both could have been presented and considered under a plea of not guilty.

A plea in abatement is not the proper way to raise any defense which could be considered under a plea of not guilty. *State v. Bailey,* 57 Neb. 204, 77 N. W. 654.

The judgment of the trial court is accordingly disapproved and reversed.