[Crim. No. 866.   Fourth Dist.   Mar. 13, 1953.]

In re SIDNEY SUSMAN, on Habeas Corpus.

Harold D. Cornell for Petitioner.

James Don Keller, District Attorney (San Diego), and Olney R. Thorn, Deputy District Attorney, for Respondent.

GRIFFIN, J.—The petition of Sidney Susman shows that in the State of New York, in October, 1952, a grand jury indictment was returned against him for "abandonment of children without means of support and in a destitute condition," a felony under the laws of that state. It is charged that the abandonment took place in the year 1950.   The governor of the State of New York issued an extradition warrant. It was presented to the governor of this state who, in February, 1953, authorized the extradition of defendant. While in custody under said warrant, petitioner presented to the Superior Court in San Diego County, where he now resides with his present wife and child, a petition for writ of habeas corpus. A hearing was duly had thereon and it was there shown that previously, on February 4, 1953, petitioner

had submitted to the jurisdiction of that court under a claim of right given by section 1661 of the Code of Civil Procedure of this state, and that on February 5th that court issued its order requiring him, among other things, to pay $35 per week for the support of the two children named in the felony indictment. It was conceded that defendant fully complied with said order. In the habeas corpus proceeding it was contended that by reason of his compliance with said order, petitioner was, under section 1661, *supra,* relieved of extradition. After hearing, the court denied the petition for the writ and granted him a five-day stay of execution pending an application to this court for such a writ. An alternative writ was issued out of this court and bail was fixed at $1,000.

These facts were stipulated to by counsel for the respective parties and it was agreed that the transcript and proceedings had before the superior court and facts therein related may be presented as a part of the petition and return in this subsequent application for a writ of habeas corpus in this court. It was further agreed that the entire matter might be submitted forthwith without argument and on the record before us.

Counsel for petitioner relies principally upon the provisions of section 1650, Code of Civil Procedure et seq., known as the Reciprocal Enforcement of Support Law (Stats. 1951, vol. 1, chap. 694, p. 1906, effective the 91st day after June 23, 1951) wherein it is recited that the purposes of this law (Code Civ. Proc., § 1651) "are to improve and extend by reciprocal legislation the enforcement of duties of support and to make uniform the law with respect thereto." See, also, prefatory note in Uniform Laws Annotated, 9A Miscellaneous Acts, 1952 Cumulative Pocket Part, page 39, as to the purposes of such a law.

As will be noted, this act provides for a method of *civil* enforcement of duty of support of any person (Code Civ. Proc., § 1670 et seq., with which civil duty we are not here concerned) and for "criminal enforcement" of such duty. Section 1660, Code of Civil Procedure, recites that the governor of this state (California) may demand from the governor of any other state (in the instant case New York) the surrender of any person found in such other state (New York) who is charged in this state (California) with the crime of failing to provide for the support of any person in this state and (b) the governor of this state (California) may surrender on demand by the governor of any other

state (New York) any person found in this state (California) who is charged in such other state (New York) with the crime of failing to provide for the support of a person in such other state (New York).

Section 1661, Code of Civil Procedure, then provides that an obligor contemplated by section 1660 who submits to the jurisdiction of the court of such other state (New York), and complies with the (New York) court's order of support (as determined by it) shall be relieved of extradition for desertion or nonsupport entered in the courts of this state (California) during the period of such compliance.

This section does not purport to interfere with what may be done by another state (New York) and, in the absence of a similar reciprocal provision adopted by another state, it does not provide for any relief from extradition in connection with desertion and nonsupport orders entered in such other state.

It is therefore clear that if conditions in the instant case were reversed and petitioner had been charged in California with the offense and was found in New York and had submitted to the jurisdiction of that court and obtained an order for support and complied therewith, he would be relieved of extradition for desertion or nonsupport entered in the courts of this state, during the period of such compliance.

The only question is whether New York adopted a similar reciprocal provision to section 1661, Code of Civil Procedure, in reference to being relieved of extradition. If so, the writ should be granted since it has been stipulated that petitioner has fully complied with the order for payment of support issued in this state. Otherwise, the writ must be denied.

Several states, such as Colorado and Massachusetts, in adopting the reciprocal enforcement of support law, omitted this provision, and other states have included it. (See statutory note following § 6 of the 1950 Act, 9A U.L.A. *supra,* 1952 Pocket Part, p. 46.) New York is not there listed as having adopted the Reciprocal Enforcement of Support Act, as approved by the National Conference of Commissioners on Uniform State Laws in 1950, but it appears that it did, in 1949, adopt the Uniform Support of Dependents Law of New York (Laws of 1949, chap. 807), from which the Reciprocal Enforcement of Support Law, in reference to civil proceedings or enforcement, was patterned, and which is

sufficiently similar to that act in this respect to permit reciprocity between those states which have adopted their law.

An examination of that law (McKinney's Consolidated Laws of New York Annotated, Book 65, Part 1, Unconsolidated Laws, § 2111 et seq.) discloses that the act adopted by the State of New York makes no provision for criminal enforcement, as does the Reciprocal Enforcement of Support Law adopted by this state, and it has no provision similar to sections 1660 and 1661 of our Code of Civil Procedure pertaining to the right of extradition or that a person criminally charged with nonsupport may be relieved of extradition. The laws of that state recite that the purpose of that act is to secure support in *civil* proceedings, prescribes the jurisdiction and powers of the court in this respect, and prescribes the procedure which is similar to the procedure prescribed by the support law of this state in respect to civil enforcement under chapter 3, title 10a, part 3, §§ 1670 et seq., Code of Civil Procedure. (*Bellanca* v. *Bellanca* (1950), 99 N.Y.S.2d 507; *Hodges* v. *Hodges,* 108 N.Y.S.2d 286; *Vincenza* v. *Vincenza,* 98 N.Y.S.2d 470.)

It should also be noted that section 2118 of the New York act specifically provides that ''This act shall be construed to furnish an additional or alternative *civil* remedy and shall in no way affect or impair any other remedy, civil or criminal, provided in any other statute. . . .'' (Italics ours.)

It therefore appears that the New York statute makes no provision in its Uniform Support of Dependents Law in respect to criminal enforcement or the relieving of extradition, as provided in our section 1661, Code of Civil Procedure. Accordingly, there being no reciprocal legislation in this respect, the writ must be denied.

Alternative writ discharged, peremptory writ denied, and petitioner remanded.

Barnard, P. J., and Mussell, J., concurred.