[Civ. No. 20362.   Second Dist., Div. One.   Jan. 11, 1955.]

RUTH POWER-O'MALLEY WHITTLESEY, Appellant, v.
JAMES WARNER BELLAH, Respondent.

Loeb & Loeb and Herman F. Selvin for Appellant.

Fox, Goldman & Kagon for Respondent.

DRAPEAU, J.—James Warner Bellah, respondent in this case, was married to petitioner in Alexandria, Virginia, in 1937. One child was born of this marriage, Ann De La Poer Bellah.

In 1940 petitioner, Mrs. Bellah, secured a decree of judicial separation from Mr. Bellah, and custody of the child, in the State of New York. In 1942 she was awarded a decree of absolute divorce from Mr. Bellah in the State of Nevada. She has since remarried. Her name now is Ruth Power-O'Malley Whittlesey.

By agreement of Mr. and Mrs. Bellah, then husband and wife, the Nevada decree incorporated a provision requiring Mr. Bellah to pay the child $25 a month for her support until her 8th birthday; $35 a month until her 13th birthday; and $50 a month until her 21st birthday or until her marriage or self-sustaining employment.

So far as may be determined from the sketchy record in this case, Mr. Bellah has always made these payments.

In June of 1953 the mother, on behalf of the child, petitioned the courts of New York, under the Uniform Reciprocal Enforcement of Support Laws of New York and California, (Code Civ. Proc., §§ 1650-1690; and see *In re Susman,* 116 Cal.App.2d 698 [254 P.2d 161]) for an order requiring Mr. Bellah to increase his payments for the child to $250 a month.

As the law provides, the Domestic Relations Court of the city of New York heard the petition in the first instance. That court ordered that the papers and testimony be forwarded to the proper court in California, and the judge made a notation on the papers that "the sum of $250 per month for the support of the one child is recommended."

Mr. Bellah was then served with California process, the case came on duly for hearing in the superior court here,

and was ordered dismissed. The mother, on behalf of the child, appeals from the order.

The most serious question on appeal is Mr. Bellah's defense that he had no notice of the New York proceeding until he was served in the California proceeding; and that consequently he had no opportunity to test the testimony of the child's mother by cross-examination.

It appears from the docket of the New York court that the petition was heard on an affidavit of nonservice and the verified petition and testimony of the mother. The affidavit of nonservice is by a police officer of the city of New York, "that he cannot with due diligence locate or serve the respondent designated in the said process within the City of New York." And it may fairly be said that the former Mrs. Bellah knew Mr. Bellah's address in California at all times.

Mr. Bellah argues that before a citizen of this state may be subjected to the application of the reciprocal enforcement of support laws, if he can be found with reasonable diligence, he is entitled to such notice of the proceeding in the initiating sister state as will enable him to appear and defend there. And that in this case he has been deprived of the right to appear in the court of first instance, to be represented by counsel in that court, to cross-examine witnesses adverse to him, and to test the legal sufficiency of that proceeding.

█ In the law of substituted service it is elementary that fair play requires that a defendant be given notice sufficient to apprise him of what is going on and an opportunity to defend. Anything less than that is a denial of due process of law. (*People* v. *One 1941 Chrysler Sedan,* 81 Cal.App. 2d 18 [183 P.2d 368].) In this case it would have been a simple thing to have given Mr. Bellah actual notice of the New York proceedings. Proof that such notice was sent to him by mail, or was served upon him personally would have left a much more satisfactory record.

However, it seems to this court that it would be more in consonance with the public policy of this state as declared by the Legislature in the Uniform Reciprocal Enforcement of Support Law, and with the welfare of the child whose rights are here involved, to continue with this case, rather than to dismiss it.

█ An action for the future support of minor children is a personal one. Being personal it is transitory. (*Dimon* v. *Dimon,* 40 Cal.2d 516, 525 [254 P.2d 528].)

The application of the law of uniform reciprocal enforcement of support was given exhaustive study in *Smith* v. *Smith*, 125 Cal.App.2d 154 [270 P.2d 613]. In that case Mr. Justice Vallée, speaking for the court, points out that the courts of this state do not abdicate any of their judicial power in deciding this sort of proceeding.

Therefore, the amount of support money required by the minor child in this case is entirely at large in this state. We are not bound by the recommendation of the New York court, or by the proof for the minor presented in that court.

And it may be presumed that the trial court in California will properly evaluate the proof as to the child's necessities with the ability of the father to pay, and with a judicial discretion that will not penalize the father for not having been able to cross-examine the mother. Moreover, he may yet cross-examine her in New York by deposition. (*Smith* v. *Smith, supra,* at p. 168.)

This precise question was argued in the Smith case, and it was held that despite the lack of notice to the defendant in that case of the initiatory proceeding in the sister state, California's court had jurisdiction to hear and determine the matter. Petition for a hearing of the Smith case was denied by our Supreme Court.

Mr. Bellah also argues that the Nevada decree until set aside or modified is the controlling order, and in effect binds the child. This argument overlooks the transitory character of these actions. Under the Reciprocal Enforcement Laws of New York and California, in this case the courts of California have jurisdiction to ascertain and enforce adequate support for this minor child. It is sufficient for jurisdiction that New York is the place of residence of the child, and that California is the place of residence of the father.

The order is reversed.

White, P. J., and Doran, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 9, 1955.