[Civ. No. 4939. Fourth Dist. Mar. 24, 1955.]

MONTANA F. SMITH, Respondent, v. NORTON A. SMITH, Appellant.

Baker, Palmer & Wall and H. E. McCombie for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

BARNARD, P. J.—This is an appeal from an order in a proceeding brought under the Uniform Reciprocal Enforcement of Support Act (Code Civ. Proc., §§ 1650-1690.)

The plaintiff and defendant were married in Bakersfield on March 6, 1937. Twin sons were born to them on August 29, 1938. The family went to Colorado sometime in 1940 and the

wife and children have remained in that state. On July 13, 1948, the plaintiff secured an interlocutory decree of divorce from the defendant, on the ground of desertion, in the District Court of the City and County of Denver, Colorado. This decree became final on January 13, 1949. It awarded custody of the minors to the plaintiff, until the further order of the court, but made no provision for their support.

On December 10, 1953, the plaintiff filed a complaint in the District Court of the City and County of Denver under the "Uniform Reciprocal Enforcement of Support Act" of that state (Session Laws of Colorado, 1951, ch. 151.) The complaint alleged the marriage of the parties in Bakersfield; the birth of the twin sons, who were then 15 years of age; the entry of the divorce decree which had become final, a copy of the decree being attached to the complaint; that no provision for the support of the minors was made in that decree because the defendant was then and has ever since remained outside of the jurisdiction of the State of Colorado; that the plaintiff has been a resident of Denver for more than three years and the minors now reside there with her; that the Uniform Reciprocal Enforcement of Support Act is likewise a law of the State of California; that the plaintiff is in need of, and entitled to, support from the defendant under the provisions of the Colorado act for herself and the minors; that the defendant has neglected and refused to support plaintiff and the minors since prior to the date of the divorce decree; that the defendant is able to provide such support as contemplated by the Support Act; and that the defendant resides at a certain address in Bakersfield within the jurisdiction of the Superior Court of Kern County, California. The prayer was that it be determined that the defendant owes a duty of support to the plaintiff and the minors; that the Superior Court of Kern County, California, acting as a court of a reciprocal state under the Reciprocal Enforcement Act may have jurisdiction over the defendant and his property; that a support order should be entered and enforced where the defendant resides; that moneys collected thereunder shall be transmitted as provided for in the Support Act; and that it be ordered that copies of the complaint and an authenticated copy of the Uniform Reciprocal Enforcement of Support Act of Colorado, with other pertinent data, be transmitted to the Superior Court of Kern County, California.

On December 21, 1953, an order was entered in the District Court in the City and County of Denver, finding that these

two minors were in need of support, that the Superior Court of Kern County, California, acting as a court of a reciprocal state under the Uniform Reciprocal Enforcement of Support Act, may obtain jurisdiction over the defendant and his property; that the plaintiff is in need of and is entitled to $114 per month from the defendant for the support of these minors; that the defendant has failed to support said dependents; and that a support order should be entered and enforced where the defendant now resides, in Bakersfield, California. The clerk was ordered to certify copies of the complaint and transmit the same, with an authenticated copy of the Colorado Act and other pertinent data, to the Superior Court of Kern County, California, for appropriate action. These documents were forwarded to the Superior Court of Kern County and filed there on December 31, 1953. The Colorado Act is substantially identical with the California Act, except that it does not contain the criminal enforcement provisions found in sections 1660 and 1661 of our act.

An order by the Superior Court of Kern County was issued on January 6, 1954, requiring the defendant to show cause why he should not be made to pay such sums as the court might determine for the support of these minors. The defendant filed affidavits and was present with his counsel at the hearing which was held on February 11, 1954. Evidence was taken and the matter submitted on briefs. An order was entered on April 13, 1954, in which after finding that these minors are in need of, and are entitled to, support from the defendant as alleged in the verified complaint, and that the defendant is chargeable with such support and able to furnish the same, the court ordered the defendant to pay $60 per month for each child until the further order of the court.

In his affidavits the defendant alleged that he was born and raised in California, and never acquired a residence or domicile in Colorado; that he was a member of the Officers' Reserve Corps of the United States Army; that during 1940 he requested a year of active duty; that upon making this request he took his wife to Colorado so she could stay with her relatives during his absence; that this stay in Colorado was intended to be temporary only; that he began his tour of active duty on April 24, 1941, and it would have concluded a year later if World War II had not occurred; that he returned from his war service and was discharged on April 6, 1946, at a point near Denver; that he requested his wife to return to California with the children but she refused; that he

then returned to California and procured employment; that again in 1947 she refused to come to California and bring the children; and that he did not learn that a divorce action was brought against him until shortly before the decree became final.

With respect to his ability to pay, the defendant further alleged that he is now married to another woman; that his wife is expecting a baby; that he expects shortly to receive about $4,000 from the estate of his father; that he has agreed to turn this over to his wife to assist her in purchasing a portion of the estate's interest in a certain copartnership; that he received certain property from his deceased father as surviving joint tenant; that he had converted this property into cash and used all the proceeds in the purchase of a lot and the construction of a home for himself and family; that this house, with its furnishings, had cost him a total of $46,000; that he would have to pay certain taxes and attorneys' fees; that his income is $564.50 per month; and that he requires that entire amount for the support of himself and his family, and the upkeep of this home.

■ The appellant first contends that the California Uniform Reciprocal Enforcement of Support Act, if applied under the facts here involved and to the extent that punishment might be imposed upon him, is an *ex post facto* law and prohibited by article I, section 10 of the Constitution of the United States. It is argued that the respondent was the deserting party since she refused to return to California; that the appellant was released from any obligation of support by the decree which contained no order that he support the children; and that the Uniform Reciprocal Acts in question were not adopted until a much later time. This contention is without merit. The constitutional prohibition in question relates to penal and criminal legislation, and these Uniform Reciprocal Enforcement of Support Acts were not enacted to make the failure to support one's children a crime, and do not create new offenses. They are procedural steps, they relate only to a current duty to support, and they apply prospectively and not retroactively.

■ It is next contended that this divorce decree constituted a contract which relieved the appellant from any duty of support; that these Reciprocal Acts, if applied to this case, would impair the obligation of this contract; and that any such impairment is prohibited by article I, section 10 of the federal Constitution. The divorce decree, with its order

for custody, was not a contract within the meaning of this constitutional provision. Moreover, these parties could not, by contract, free the appellant from his legal responsibility for support of these children to the extent of depriving the courts of jurisdiction to subsequently order the making of payments for such support. (*Smith* v. *Smith,* 125 Cal.App. 2d 154 [270 P.2d 613]; *Laws* v. *People,* 59 Colo. 562 [151 P. 433].)

 It is next contended that appellant's duty of support, if any exists, is that imposed by the law of Colorado; that it must be presumed that the respondent, by bringing this action, elected to have those laws apply; and that under Colorado law a father's duty of support ceases when his child attains the age of 16 years. In support of this contention the appellant cites chapter 83, section 1 of the Colorado Statutes Annotated. This is a penal provision making it a felony for a man to fail to support children under 16. The Colorado courts have held that this criminal section does not impose a new duty upon the husband, but merely makes his failure to support a felony under certain conditions. (*People* v. *Driscoll,* 72 Colo. 115 [209 P. 869].) Under the law of Colorado, any person under the age of 21 years is defined as a minor. (Colo.Stats.Ann., ch. 176, § 82.) In *Desch* v. *Desch,* 55 Colo. 79 [132 P. 60], it was held that the law imposes upon the father the duty to support his minor children to the extent that they are not capable of earning their own livelihood. If it be assumed that there is any difference between the laws of Colorado and those of California, in this respect, the purpose of section 1670 of our statute is to give the dependent an election in the event of conflicting laws. (*Smith* v. *Smith,* 125 Cal.App.2d 154 [270 P.2d 613].) By bringing this action the respondent did not elect to rely on the criminal law of Colorado, but sought the benefit of the reciprocal laws as adopted by both states. A further consideration is that these minors were under the age of 16 years when this proceeding was started and also when the order was made from which this appeal was taken.

It is next contended that the trial court had no jurisdiction to make the order in question because the Colorado act and the California act are not reciprocal. It is argued that they are not reciprocal because a father's duty to support his child extends only to the age of 16 years under Colorado law; and because the Colorado act does not contain the provisions for criminal enforcement found in sections 1660 and 1661

of our Code of Civil Procedure. (Citing *In re Susman*, 116 Cal.App.2d 698 [254 P.2d 161].) ■ With respect to the age limitation, in addition to what has already been said, jurisdiction in this state is provided for in section 1672 of our Code of Civil Procedure and it is not provided therein that the laws of an initiating state and a responding state must be identical. ■ The fact that there would be no reciprocal legislation with respect to the provisions for criminal enforcement, as involved in the Susman case, would not and could not destroy the effect of the reciprocal provisions with respect to civil enforcement of the duties in question, with its detailed procedure. We find no merit in this contention.

■ It is next contended that the Uniform Reciprocal Enforcement Acts are not applicable under the facts of this case for the reason that the appellant did not flee from the State of Colorado to avoid any duty of support. It is argued that the appellant's sojourn in Colorado was intended to be temporary; that it is the respondent and not the defendant who is in the roll of a deserter or fugitive; that these Uniform Reciprocal Enforcement Acts were intended to apply only to deserting fathers who fled from the state; and that these acts are not broad enough to apply to cases where the obligee deserts the obligor without just cause. The acts in question are not limited to cases where an obligor flees the jurisdiction of an initiating state. They are based upon the failure to provide needed support for dependents, and the flight of the obligor is in no way made the controlling fact. Even in connection with criminal enforcement, section 1660 of our statute provides that the demanding state need not show that the obligor fled.

■ Finally, it is contended that the appellant has not at any time since the desertion by his wife had any duty to support his children, either under California law or Colorado law. It is argued that the divorce decree giving the respondent custody, without a support order, made her primarily liable for the support of the children; that this relieved the appellant of any duty of support under Colorado law; and that, since the respondent has the duty of supporting the children, no obligation to do so existed or could be created under California law. These contentions are based on the claims that the respondent was the deserting party, and that the form of the divorce decree she received entirely relieved the appellant from all obligation to support the

minors. The respondent obtained the divorce on the ground of desertion. The appellant was presumably served with process, he admits he knew about the decree before it became final, and he accepted and relied upon that decree when he remarried. That judgment is res judicata and destroys the effect of the appellant's basic contention in this regard. (*Smith* v. *Smith,* 125 Cal.App.2d 154 [270 P.2d 613].) No order for support of the minors was made in that decree because the appellant was not then within the jurisdiction of the Colorado court, and the respondent had no choice in that matter. The appellant may not now rely upon any claim of desertion by his wife as destroying the effect of these reciprocal enforcement laws.

The order appealed from is affirmed.

Griffin, J., and Mussell, J., concurred.

A petition for a rehearing was denied April 21, 1955, and appellant's petition for a hearing by the Supreme Court was denied May 18, 1955.