Zimmerman, J.
This cause is here for decision on an appeal as of right and the allowance of a motion to require the Court of Appeals for Knox County to certify the record, that court on appeal having affirmed the judgment of the Court of Common Pleas. The matter arises under the so-called Uniform Reciprocal Enforcement of Support Act approved in 1950 by the National Conference of Commissioners on Uniform State Laws and adopted the following year in both the states of North Carolina and Ohio. The Ohio act is found in Chapter 3115, Re *534 vised Code, under the heading, “Support of Dependents.” Reciprocal statutes of this type are designed to provide a practical method, in addition to other remedies, to enforce the legal obligation to support a dependent or dependents by one who has left the state in which the dependents reside and has abandoned them. In the instant controversy North Carolina is the initiating state and Ohio the responding state.
Professor W. J. Brockelbank, in an article appearing in 5 Arkansas Law Review (1951), 349, outlines the purpose and procedure of the 1950 Uniform Act, which is pretty much the same now, as follows:
“The idea of a two-state procedure originated with the New York act. This idea was adopted by the Uniform Law Commissioners in the Uniform Reciprocal Enforcement of Support Act, and the difference between the two acts on this matter is chiefly one of form. Reduced to its simplest terms the two-state proceeding is as follows: It opens with an action which normally will be commenced in the state where the family has been deserted (the initiating state). A simplified petition is filed. The judge looks it over to decide whether the facts show the probable existence of a duty of support, and if they do he sends the petition and a copy of the act to a court of the responding state to which the husband has fled or in which he has property. That court will then take the steps necessary to obtain jurisdiction of the husband or his property, will hold a hearing and if the court finds that a duty of support exists, may order the defendant to furnish support and will transmit a copy of its order to the court in the initiating state. To enforce compliance with its orders the court may subject the defendant to such terms and conditions as it may deem proper, may require him to furnish bond or make periodic payments or, in case of refusal, may punish him for contempt. It has the duty to transmit to the initiating court any payments it receives and upon request to furnish a certified statement of those payments. The initiating court must receive and disburse these payments.”
It appears that the plaintiff, Rachel Pettit Levi, appellee herein, a resident of North Carolina, initiated a proceeding *535 under the North Carolina statutes in the Superior Court of Buncumbe County, North Carolina, against David B.'Levi, the defendant, appellant herein, for the support of herself and their three minor children. There was no personal service on the defendant. Upon hearing, at which plaintiff testified as to her straitened circumstances, the court found that defendant is the husband of plaintiff and the father of the minor children, that he is responsible for their support, that he is residing in the city of Mount Vernon, Ohio, and that, according to the testimony of the plaintiff, the sum of $180 per month is needed for the maintenance of herself and the children. The court entered an order to that effect, and a transcript of the proceeding was certified and forwarded to the Court of Common Pleas of Knox County, Ohio, and the prosecuting attorney of that county was notified thereof. The cause was docketed in the Ohio court and assigned for trial. Defendant appeared .with counsel and testified to the effect that he was the husband of plaintiff and the father of the minor children. He also stated the amount he was earning, whereupon the court entered and signed an order, the essentia] parts of which read as follows:
“On this 29th day of May, 1954, this cause came on to be heard under the Uniform Reciprocal Support Law on the complaint of the obligee herein, Charles W. Ayers, prosecuting attorney of Knox County, Ohio, representing the initiating state of the state of North Carolina; the obligor David B. Levi being present and represented by counsel and with this court acting as the court for the responding state of the state of Ohio.
“The court finds that the obligor, David B. Levi, is the husband of Rachel Pettit Levi and the father of the children named in the petition.
“It is, therefore, ordered that David B. Levi pay the sum of $100 per month, plus poundage through the office of the clerk of courts of Knox County, Ohio, to Rachel Pettit Levi beginning with the month of June, 1954, and each and every month thereafter until the further order of the court.
“It is further ordered that the clerk of courts of Knox County, Ohio, upon receipt of the payment pursuant to the foregoing order by David B. Levi, transmit the same forthwith to *536 the Superior Court of Buncumbe County, North Carolina, to be delivered to Rachel Pettit Levi.”
. Such order was approved in writing by the prosecuting attorney of Knox County and by the then attorney for the defendant, and the defendant made partial payments pursuant thereto. Because of delinquency, defendant was twice cited for contempt. On the second citation in July 1958, defendant, through new counsel, filed a motion to set aside and vacate the order dated May 29, 1954, and all other orders made in the cause. It was contended that the orders of the court were unconstitutional and void because of a deficiency in the order of the North Carolina court as to defendant’s obligation to support and because there was no personal service on him in North Carolina, whereby he was denied due process of law. Moreover, defendant expressed his willingness to furnish a home for and support his family in Ohio.
The Ohio court overruled defendant’s motion to vacate and set aside the order of May 29, 1954, and other related orders, and, in conjunction therewith and in compliance with defendant’s request, made certain findings of fact and conclusions of law, a part of which is as follows:
“7. The defendant has complied in part, with the former orders of this court and on September 8, 1955, he was found to be $424 in arrears and in contempt to that extent. At a hearing held August 19, 1958, the court found that the defendant was still in arrears in the sum of the aforesaid $424 and in addition thereto an added sum of $97.67 making a total of $521.67 since the date of August 19, 1958. The defendant has paid the sum of $140, the last payment having been paid on the 20th of October, 1958 * * *.
“8. On these facts, as a matter of law and by virtue of Ohio Revised Code, Chapter 3115: Support of Dependents, David B. Levi still has a legal obligation to support his wife and their minor children in the state of North Carolina so long as Rachel Pettit Levi, both as wife and custodian of their children, chooses to reside with their children in North Carolina, and therefore the motion is not well taken.”
The Uniform Reciprocal Enforcement of Support Act and *537 similar legislation have generally been subject to the rule that a uniform law, remedial in nature, should be liberally construed to accomplish the purpose of its enactment. Such legislation has often been upheld as valid and constitutional in relation to a factual situation coming within its terms. Duncan, County Attorney, v. Smith (Ky., 1953), 262 S. W. (2d), 373, 42 A. L. R. (2d), 754; Whittlesey v. Bellah (1955), 130 Cal. App. (2d), 182, 278 P. (2d), 511, certiorari denied, 350 U. S., 821, 100 L. Ed., 734, 76 S. Ct., 47; Proctor v. Sachner (1955), 143 Conn., 9, 118 A. (2d), 621; Landes v. Landes (1956), 1 N. Y. (2d), 358, 135 N. E. (2d), 562, appeal dismissed for want of a substantial federal question, 352 U. S., 948, 1 L. Ed. (2d), 241, 77 S. Ct., 325; and annotation, 42 A. L. R. (2d), 768.
It is universally recognized in this country that a husband, possessing the ability to do so, owes a duty to support his wife and minor children who are in need thereof. Here, plaintiff, a resident of North Carolina, initiated an authorized proceeding there to require her husband, residing in Ohio, to contribute to the support of herself and the minor children of the parties. There was a hearing in which the North Carolina court found that a marital relationship existed between the parties and that the absent husband was the father of the minor children and then suggested the sum required to meet the needs of his family. A transcript of the proceeding was sent to the Court of Common Pleas of Knox County, Ohio, in which county the delinquent husband was residing. The proceeding in the initiating state of North Carolina was preliminary and informal. No personal service of summons on the defendant was necessary there. His concern was with the responding state of Ohio, where every opportunity was open to him to assert and preserve any rights he might have. The Ohio court accorded recognition to the proceeding of the North Carolina court and thereupon went forward in compliance with Section 3115.08 et seq., Revised Code. There was a hearing with evidence, participated in by defendant and his counsel, and a determination as set out in the order hereinbefore quoted. Defendant had ample opportunity to present his side of the case, could have taken the depositions of his wife and other witnesses in North *538 Carolina had he so desired, and was denied no right to which he was entitled. If defendant felt aggrieved, he should then and there have perfected his appeal. He did not do so and thereafter made payments over a period of years in part compliance with the Ohio court’s order. We think his motion to vacate and set aside, made in 1958, when he was in default and delinquent in his payments, came too late and that the Court of Common Pleas and the Court of Appeals properly rejected it.
Counsel for defendant cites and relies on the case of Mahan v. Read (1954), 240 N. C., 641, 83 S. E. (2d), 706. That case embraced a situation where a wife left her husband in North Carolina, went to Arkansas with their minor children, obtained a divorce there and remarried and then instituted a proceeding under the Arkansas Uniform Reciprocal Enforcement of Support Act to compel her first husband to support the children. Before a hearing was held in a Superior Court of North Carolina under the North Carolina Uniform Reciprocal Enforcement of Support Act, the wife moved to Virginia. In such circumstances the Supreme Court of North Carolina held that the act is only applicable where the obligee (the wife here) is present in the initiating state and the obligor (husband from whom support is claimed) is subject to the jurisdiction of the responding state. The court further held that the children were the only parties in interest since the father was under no duty to support their mother and his former wife after her remarriage. Defendant cites the case primarily on the proposition that the function of the court in the initiating state is to certify to the sufficiency of the petition, i. e., that it sets forth facts “from which it may be determined that the respondent owes a duy of support.” In our opinion, that condition was sufficiently met in the instant case; to hold otherwise would be hypertechnical.
We find no error in the judgment of the Court of Appeals, and it is, accordingly, affirmed.

Judgment affirmed.

Weygandt, C. J., Taet, Matthias, Bell, Heebeet and Peck, JJ., concur.