[Civ. No. 24322.  Second Dist., Div. Three.  Aug. 29, 1960.]

RUTH ELIZABETH HARMON, Respondent, v.
FRANCIS L. HARMON, Appellant.

Francis L. Harmon, in pro. per., for Appellant.

Stanley Mosk, Attorney General, and Norman L. Epstein, Deputy Attorney General, for Respondent.

VALLÉE, J.—Appeal by defendant from orders made in a proceeding under the Uniform Reciprocal Enforcement of Support Act. (Code Civ. Proc., §§ 1650-1690.)

On May 17, 1956, the superior court made an order directing defendant to pay specified amounts of money for the support of his minor child through the office of the probation officer of Los Angeles County, and that the probation officer hold all money so paid pending a decision on appeal. The order was affirmed by this court on May 2, 1958. (*Harmon* v. *Harmon*, 160 Cal.App.2d 47 [324 P.2d 901].) A petition for hearing by the Supreme Court was denied, and a petition for a writ of certiorari to the Supreme Court of the United States was denied. (*Harmon* v. *Harmon*, 358 U.S. 881 [79 S.Ct. 120, 3 L.Ed.2d 110].)

On the going down of the remittitur, defendant filed a notice of motion to vacate the order of May 17, 1956, and for entry of a judgment of dismissal in lieu thereof. On December 5, 1958, after oral argument, the motion was denied. On plaintiff's motion, made without notice at the hearing of the motion to vacate and after it had been denied, the court ordered the probation officer to transmit forthwith to plaintiff for the support of the minor child all moneys held by him pending the appeal. Defendant appeals from these orders.

The first contention is that a finding of fact that a father is a resident of Los Angeles County does not support a conclusion of law that he must support his children in unfit surroundings in another state. The contention is based on a false premise. The court did not merely find that defendant was a resident of Los Angeles County. There was no showing the minor child was in unfit surroundings in another state. "The court found that Pauline is the minor child of Ruth and Francis; the minor is residing with Ruth in Fairfax County, Virginia, and the minor is partially dependent upon Francis for support; Francis owes a duty of support of the minor; Francis resides in Los Angeles County; a reasonable amount to be contributed by Francis toward the support of the minor is $30 a month, and he has the ability to pay that amount." (*Harmon* v. *Harmon, supra,* 160 Cal.App.2d 47, 50.) At the time of defendant's

motion the order of May 17, 1956, had become final and the trial court had no alternative but to deny the motion. (4 Cal.Jur.2d 577, § 679.)

It is next contended the Uniform Reciprocal Enforcement of Support Act is repugnant to the due process clause of the Fourteenth Amendment. It has long been settled that the Act does not violate the due process clause. (*Smith* v. *Smith,* 125 Cal.App.2d 154, 167-168 [270 P.2d 613].)

It is contended the court erred in granting plaintiff's motion for an order directing the probation officer to transmit the money which defendant had paid during the pendency of the appeal to plaintiff for the support of the minor child. The point has no merit. At the hearing of May 17, 1956, defendant's counsel suggested that the money defendant was to pay under the order be held by the court trustee pending an appeal. Defendant then stipulated that the payments falling due pending appeal ''be deposited twice monthly by Mr. Harmon and . . . sent to Mr. Karl Holton's [probation officer] office . . . until the appeal is determined one way or the other; and if it is determined favorable to the petitioner it will go to her in one lump sum and if not, it will be returned to the respondent.'' On the making of the stipulation, the court stated, ''All right, that will be the order.'' Defendant is bound by his stipulation.

Defendant complains of the omission from the reporter's transcript of his oral argument on the hearing of the motion to vacate. This question is the subject of the appeal in a companion case, *Harmon* v. *Harmon, post* p. —— [7 Cal. Rptr. 280], Second Civ. No. 24305, and will be considered in the decision of that appeal.

The appeal is without merit.

The orders appealed from are affirmed.

Shinn, P. J., and Ford, J., concurred.

A petition for a rehearing was denied September 16, 1960, and appellant's petition for a hearing by the Supreme Court was denied October 26, 1960.