300 P.2d 500

Sarah LaRue Simonson DESPAIN,
Plaintiff-Appellant,

v.

James DeVerl DESPAIN, Defendant-
Respondent.

No. 8398.

Supreme Court of Idaho.

July 5, 1956.

Alvin Denman, Idaho Falls, for appellant.

Gee & Hargraves, Pocatello, for respondent.

BAKER, District Judge.

The parties to this action were divorced by the decree of the District Court of Franklin County on May 17, 1944. The custody of a female child whose age is not disclosed was awarded to the plaintiff, the wife. The decree contained a provision requiring the defendant, husband, to pay $20 per week "for the support of the plaintiff and said child".

The plaintiff intermarried with one Allen in the year 1945 as the court found and as both parties state in their briefs. However, the plaintiff twice testified her marriage to Allen was in January, 1946. There was no other proof of the date. The marriage to Allen was terminated by divorce and the plaintiff in March, 1947, intermarried with one Strand. That marriage had not been dissolved at the time of trial.

The defendant removed to California but when is not made to appear. It may be inferred from statement made in affidavit filed by him that his removal was not later than shortly after the entry of the decree of divorce and that he has remained a resident of that state.

In 1952 the plaintiff instituted in California a proceeding of undisclosed character to collect moneys due under the decree of the Idaho court resulting in the payment by the defendant of the sum of $200 in December of that year. On March 10, 1953, the Superior Court of Alameda County, California, in proceeding instituted by the plaintiff under the Uniform Reciprocal Enforcement of Support Act, ordered the de-

fendant to pay $30 per month for the support of the child. The defendant has made the payments called for by that order.

On May 7, 1954, the plaintiff commenced an action in California to establish the Idaho decree as a decree of the courts of that state and to recover judgment for the aggregate of the sums then due and unpaid. The California court recessed the trial of that action until the Idaho court had determined the amount remaining unpaid on the divorce decree and what portion of the judgment belonged to the plaintiff and what portion to the child. On April 5, 1955, the present proceeding was instituted to obtain such determinations.

The defendant countered by motion for order modifying the decree so as to provide for the payment by him of $30 per month for the support of the child and that all provisions for the payment of alimony be stricken as of the date of plaintiff's first remarriage. The defendant made no other response to plaintiff's motion. He did not plead the bar of the statute of limitations or any facts tending to disclose a prejudice to him through the tardy efforts of the plaintiff to obtain the determinations sought or otherwise to enforce the decree.

The plaintiff testified that the defendant paid $35 in May, 1945, the $200 referred to in December, 1952, and $30 per month from April 1, 1953, under the order of the Cali-

fornia court of March 10, 1953; and testified also as to the dates of her remarriages. The defendant did not appear in person and offered no testimony. However, his counsel cross-examined the plaintiff.

The findings of fact of the trial court are incomplete and wholly inadequate. The court did not find as facts what sums had been paid by the defendant or when or the amount which remained unpaid either under the rule stated in the court's conclusions or otherwise. The findings of fact were two in number and are as follows:

"That the plaintiff failed to notify the defendant of her remarriages; and both plaintiff and defendant failed to ask for a redetermination of the defendant's responsibilities under the decree until she filed said motion" and

"That the plaintiff obtained a second judgment in the State of California March 10, 1953, for the support of the minor child; that she remarried in 1945; that the plaintiff filed said motion in February, 1955."

The court concluded: That all remedies of the plaintiff for the collection of any of the amounts due under the decree prior to February, 1949, were barred by the statute of limitations; that both parties were guilty of laches by failing to ask for a redetermination of the defendant's responsi-

bilities under the decree of divorce; that the enforcement of the decree of divorce was tolled or offset on March 10, 1953, by the order of the California court in the Reciprocal Enforcement of Support proceedings; that the award of $20 per week should be divided equally between the plaintiff and the minor child; that the remarriage of the plaintiff terminated her right to alimony; that the defendant be required to pay $10 per week from February 1, 1949, to March 10, 1953, less the sum of $200 (paid in December, 1953) and that the plaintiff should have judgment for such sum. The order of the court was: "—that the defendant pay the plaintiff the sum of $10.00 per week from February, 1949, to March 10, 1953, less the amount paid between those dates amounting to $200.00". The amount of the judgment was not more definitely stated.

The plaintiff has appealed. Among the assignments of error are: (1) The conclusion that the statute of limitations had barred recovery of all payments due prior to February, 1949; (2) The conclusion that the plaintiff was guilty of laches barring recovery; and (3) the conclusion that the proceeding in the California court under the Uniform Reciprocal Enforcement of Support Act amounted to a modification of the Idaho decree binding upon the Idaho court. We regard these assignments as presenting decisive questions.

■ The transcript fails to disclose that the defense of the bar of the statute of limitations was at any time or in any manner asserted in the trial court. This court has consistently adhered to the rule that the statute of limitations is one of repose and personal to the defendant; that the defendant may, by demurrer, plead that defense if its availability appears on the face of the complaint, Sec. 5–808, I.C., or by answer if it does not so appear; that the defense is waived unless so pleaded. Chemung Mining Co. v. Hanley, 9 Idaho 786, 77 P. 226; Frantz v. Idaho Artesian Well & Drilling Co., 5 Idaho 71, 46 P. 1026; McLeod v. Rogers, 28 Idaho 412, 154 P. 970; Rogers v. Oregon, Washington R. & N. Co., 28 Idaho 609, 156 P. 98; Mendini v. Milner, 47 Idaho 439, 276 P. 313; Cornelison v. United States Bldg. & Loan Ass'n, 50 Idaho 1, 292 P. 243; Anderson v. Ferguson, 56 Idaho 554, 57 P.2d 325; Fortner v. Cornell, 66 Idaho 512, 163 P.2d 299; Rivera v. Johnston, 71 Idaho 70, 225 P.2d 858.

■ By the provisions of Section 5–229, I.C., the statute of limitations is suspended during the debtor's absence from the state. In Simonton v. Simonton, 33 Idaho 255, 193 P. 386, the plaintiff had been awarded separate maintenance and child support payable monthly. Claim on unpaid installments was presented to the administrator of the deceased husband's estate and re-

jected. This court held, agreeable to the provisions of the statute (now § 5–229), the absence of the judgment debtor from the state stayed the running of the statute of limitations against installment judgment for support. To the same effect are Anthes v. Anthes, 21 Idaho 305, 121 P. 553, and Roberts v. Hudson, 49 Idaho 132, 286 P. 364.

■■ The conclusion of the trial court that both parties were guilty of laches, evidently barring recovery by either, is not warranted by the facts. Mere lapse of time is not sufficient. Laches, a species of estoppel peculiar to suits in equity to bar recovery, involves a prejudice to the defendant. The subject of Laches is fully covered in 24 Words & Phrases. Many cases are referred to in support of the statement that mere lapse of time will not suffice; prejudice from delay must also appear. There is no showing or contention that delay has worked to the disadvantage of the defendant.

■ The Uniform Reciprocal Enforcement of Support Act, Chapter 10, Title 7, I.C., provides an auxiliary or supplemental remedy for the enforcement of orders for support. It is, of course, true that the amount of the payments ordered by the court of the responding state is influenced by the ability of the husband at that time to pay, but the authority of the court originally ordering payment is not affected or is its order modified by an order of the court of the responding state fixing another or different sum. Section 3 of the act provides: "The remedies herein provided are in addition to and not in substitution for any other remedies."

That the order of the court of the initiating state is not superseded by the order of the responding state is the positive declaration of Section 25 of the Act in these words:

"Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both."

■ The remarriage of the plaintiff terminated her right to receive alimony from the defendant, McHan v. McHan, 59 Idaho 496, 84 P.2d 984. Following her remarriage, and effective upon that date, the decree imposed upon the defendant an obligation colorable only. The fact that the decree was avoided by facts subsequently developing should be made a matter of record.

We are in agreement with the trial court that the award should be apportioned $10 per week to the plaintiff until her remarriage, none thereafter, and $10 per week to the plaintiff for the support of said child during her minority.

The order of the trial court is reversed, and the cause is remanded with directions to the trial court to find, upon the evidence heretofore or hereafter to be submitted, the date of the birth of the daughter of the parties hereto, the amount due and unpaid under the decree of May 17, 1944, by determining the amount of the support at the rate of $20 per week from the date of the decree to the date of plaintiff's first remarriage with payments thereon; thereafter, for the support of the child, at the rate of $10 per week from the date of plaintiff's first remarriage to the date of the determination less payments thereon, and enter judgment in favor of the plaintiff and against the defendant for such sum; that the decree be modified so as to provide for the payment to the plaintiff by the defendant of the sum of $10 per week payable monthly for the support of said child, and further modified so as to strike from said decree as of the date of plaintiff's first remarriage all provision for the payment of support or alimony to the plaintiff. Costs to appellant.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.