[No. 37744.   Department One.   September 2, 1965.]

ETHEL C. DAVIDSON, *Appellant*, v. MARTIN DAVIDSON, *Respondent.**

*Charles O. Carroll, Eugene F. Hooper, David W. Hotch-kin,* and *Marie Moreau Donohoe,* for appellant.

*Frederic P. Holbrook,* for respondent.

KELLY, J.†—The facts herein are as follows: The plaintiff and defendant intermarried on November 18, 1953, in the state of California.  They separated in November of 1960,

*Reported in 405 P.2d 261.

†Judge Kelly is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

while both were residents of that state. The husband thereafter established residence in the state of Washington. On May 24, 1961, Ethel C. Davidson started a divorce action in California against her husband Martin. Process was served upon the husband in King County, Washington and service also was effected upon him pursuant to the laws of California by publication. On November 2, 1961, Ethel C. Davidson procured an interlocutory judgment of divorce by default from the defendant. The divorce decree in California provided, among other things, that the defendant Martin Davidson, pay to the plaintiff the sum of $350 a month "as and for her support and maintenance." A copy of the decree was thereafter served upon the defendant husband in King County, Washington.

On April 26, 1962, Ethel Davidson filed a complaint for enforcement of support obligation in the Superior Court of Santa Clara County, California, in substantial compliance with the provisions of the Uniform Reciprocal Enforcement of Support Act of that state (hereinafter referred to as the California Act). On that same day, the judge of that court signed a certificate and order certifying, among other things, that the complaint filed herein "alleges facts from which it may be determined that the defendant Martin Davidson owes a duty of support to Ethel C. Davidson."

The certificate and order with attached documents were filed with the county clerk of King County, Washington, on August 9, 1962.

Thereafter, and in accordance with the provisions of our own Uniform Reciprocal Enforcement of Support Act, RCW 26.21, (hereinafter referred to as the Washington Act), the husband appeared on April 9, 1964, for hearing in the King County Superior Court, having been summonsed thereto by the prosecuting attorney of that county.

When the case was called for trial, the defendant moved to dismiss, denying liability on the ground that the judgment for alimony granted by the California court in the divorce proceeding between the parties was invalid for want of personal service on the defendant within that

state. The trial court of King County indicated that the motion would be granted but, upon the request of the prosecuting attorney, allowed time for the submission of briefs in support of the prosecutor's motion for a new trial, although in truth and in fact no trial had taken place.

On May 1, 1964, the trial judge denied a new trial and, on the same day signed an order, the pertinent parts of which are as follows:

[T]he Court, after having heard the arguments of counsel, is of the opinion that the Superior Court of the State of California lacks jurisdiction and therefore the alimony judgment is void. That there is no duty to support after a divorce without a valid finding of the obligation or duty to support; . . . .

He then formally dismissed the case, and this appeal followed.

Respondent's counsel, in his 1½-page brief, poses the issue as follows: "Is there any duty to support an ex-wife when the original divorce decree contained no valid order for alimony?"

Our answer is: There may be, depending upon the facts in each case.

The complaint attached to the California judge's certificate in the reciprocal support action states, among other things, that the appellant had been without support from the respondent for over a year prior to the commencement of the divorce action and was still without adequate means of support.

An examination of both acts will reveal that they are almost identical in all of their respective provisions with which we are here concerned. We cite from our own act those sections which we deem necessary for a disposition of the matter before us.

RCW 26.21.010:

(2) "Initiating state" means any state in which a proceeding pursuant to this or a substantially similar reciprocal law is commenced.
(3) "Responding state" means any state in which any

proceeding pursuant to the proceeding in the initiating state is or may be commenced.

. . . . .

(5) "Law" includes both common and statute law.

(6) "Duty of support" includes any duty of support *imposed or imposable* by law, or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, separate maintenance or otherwise.

(7) "Obligor" means any person owing a duty of support.

(8) "Obligee" means any person to whom a duty of support is owed . . . . (Italics ours.)

RCW 26.21.060:

Duties of support applicable under this law are those *imposed or imposable* under the laws of any state where the obligor was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown. (Italics ours.)

RCW 26.21.080:

All duties of support, including arrearages are enforceable by action irrespective of the relationship between the obligor and the obligee. Jurisdiction of all proceedings hereunder shall be vested in the superior court.

RCW 26.21.110:

(1) After the court of this state, acting as a responding state has received from the court of the initiating state the aforesaid copies, the clerk of the court shall docket the cause and notify the prosecuting attorney of his action. (2) It shall be the duty of the prosecuting attorney diligently to prosecute the case. He shall take all action necessary in accordance with the laws of this state to give the court jurisdiction of the respondent or his property and shall request the court to set a time and place for a hearing.

RCW 26.21.120:

If the court of the responding state finds a duty of support, it may order the respondent to furnish support or reimbursement therefor and subject the property of the respondent to such order.

■ An erstwhile husband cannot avoid all processes of the law seeking to establish his duty and ability to support his former wife by moving to a foreign state. To permit that to happen would defeat the main purpose of the reciprocal support acts of all the states. For this state to grant such immunity would violate the rules of comity and reciprocity we have subscribed to with our sister states. We cannot summarily, and as a matter of law, refuse the request of the state of California to hold a factual hearing upon the record it has forwarded to us. That record is certified by a judge of the superior court of the state of California for Santa Clara County and contains the following language:

To: THE SUPERIOR COURT OF THE STATE OF WASHINGTON IN AND FOR KING COUNTY:

It is hereby certified that the complaint filed herein on the 26th day of April, 1962 by ETHEL C. DAVIDSON, Plaintiff, against MARTIN DAVIDSON, Defendant, alleges facts from which it may be determined that the Defendant MARTIN DAVIDSON owes a duty of support to ETHEL C. DAVIDSON; that said Complaint alleges that said Defendant resides at . . . Seattle, Washington; that said Complaint alleges that Defendant is not supporting said Plaintiff . . . .

WHEREFORE IT IS HEREBY ORDERED that this Certificate, together with certified copies of the Complaint, be transmitted to the Court of King County, Washington, and it is requested that the proper Court of the responding state obtain jurisdiction of the said Defendant MARTIN DAVIDSON and his property and proceed to adjudicate said Complaint.

The reciprocal support acts of California and of Washington may be invoked by an ex-wife to compel the appearance of her ex-husband in the court of the responding state to determine her rights and need of support, and his "duty of support," if any; and this without reference to any amount indicated or obligation, if any, to pay the same under the divorce decree. See *Harmon v. Harmon*, 160 Cal. App. 2d 47, 324 P.2d 901 (1958). If it were otherwise, Ethel Davidson, or others similarly situated, would be without a remedy as to support where a duty of support, if not actually imposed by the California court, may be imposable, if

circumstances warrant, by the courts of that state and of this state. RCW 26.21.010(6)(7)(8); RCW 26.21.060; Cal. Code of Civil Procedure §§ 1670, 1672 (the California Act).

Whether she is entitled thereto is a question of fact yet to be determined. Where the right, if any, to support, or to a division of the community property, if any, could not be determined in the divorce action because of the absence of the respondent from the state in which the decree of divorce was granted, those questions may still be adjudicable in the state where the respondent resides. 28 A.L.R.2d 1378, citing *Adams v. Abbott*, 21 Wash. 29, 56 Pac. 931 (1899); see, also, *Davis v. Davis*, 165 Wash. 172, 4 P.2d 849 (1931); *Hicks v. Hicks*, 69 Wash. 627, 125 Pac. 945 (1912).

Our decision herein, however, is predicated upon the reciprocal support acts of this state and of the state of California. RCW 26.21.020: "The remedies herein provided are in addition to and not in substitution for any other remedies."

See Uniform Laws Annotated, 9C, pages 1 to 71 and Cumulative Annual Pocket Part to the Uniform Laws Annotated, 1964.

The reciprocal support acts are to be liberally construed. Quoting from *Lambrou v. Berna*, 154 Me. 352, 356, 148 A.2d 697 (1959):

The Uniform Reciprocal Enforcement of Support Act is of recent origin and many confusing questions of interpretation and procedure have not been resolved by judicial determination. The act is designed to enable a dependent in one state to initiate proceedings in the state of his domicile for the purpose of securing money for support from a person residing in another state who is legally liable for the support of such dependent. [Citing cases.]

The law is remedial in nature and is to be construed liberally with reference to the object to be obtained, and every endeavor should be made by the courts to render the act operable. [Citing cases.]

A clear and comprehensive analysis of the uniform reciprocal support acts is to be found in 43 Minn. L. Rev. 875

by Charles D. Kelso, Assistant Professor of Law at Indiana University.

■ The duty of support is the only real issue in a proceeding under the Uniform Reciprocal Enforcement of Support Acts. See *Blois v. Blois,* 138 So.2d 373 (Fla. 1962); *Clarke v. Blackburn,* 151 So.2d 325 (Fla. 1963); *Prager v. Smith,* 195 A.2d 257 (D.C. Cir. 1963).

The court in the responding state has power to make an independent order fixing an amount of support different from that called for by a divorce decree rendered in another state. *Moore v. Moore,* 252 Iowa 404, 107 N.W.2d 97 (1961).

The responding state must determine the duty of support under its own laws. See *Commonwealth of Pennsylvania v. Mong,* 160 Ohio St. 455, 117 N.E.2d 32 (1954); *Lambrou v. Berna, supra; Rosenberg v. Rosenberg,* 152 Me. 161, 125 A.2d 863 (1956).

We disregard, in reaching our conclusion herein, that part of the California divorce decree ordering respondent to pay appellant $350 a month "as and for her support and maintenance." It may, however, be considered as an advisory finding by that court of "obligor's" "duty of support" and the "obligee's" entitlement thereto, although not binding upon the courts of this state. See *Thompson v. Thompson,* 93 So.2d 90 (Fla. 1957).

It was a "duty of support" "imposable" by the laws of California under its general divorce statutes. See Cal. Civ. Code § 139.

The record prepared and transmitted by the California court complies substantially with the California act, and with which our own act is in accord. It contains facts amply sufficient to invoke the jurisdiction of the Superior Court of King County and to warrant a factual hearing upon the merits.

The ultimate decision to be made by the trial court must be governed by the provisions of the reciprocal acts of the states involved. It does not depend and is not to depend upon the legal sufficiency of any personal mandate in the divorce action, as was apparently assumed by the trial

court, but upon the spirit, objectives and provisions of the support acts referred to.

The ruling of the trial court in this case is therefore reversed with instructions to proceed to a hearing on the merits consonant with the views expressed herein.

ROSELLINI, C. J., HUNTER, HAMILTON, and HALE, JJ., concur.