510 P.2d 1106

Sharon P. OGLESBY, Plaintiff and
Appellant,

v.

John Giles OGLESBY, Defendant and
Respondent.

No. 13138.

Supreme Court of Utah.

June 6, 1973.

Michael W. Park, Cedar City, for plain-
tiff and appellant.

Thomas R. Blonquist, Salt Lake City,
for defendant and respondent.

HENRIOD, Justice:

Appeal from a judgment granting defend-
ant's motion to vacate a judgment for ar-
rearages alleged to have grown out of
nonpayment of child support payments or-
dered in a 1963 Utah divorce decree, after
which the defendant went to and resided in
the state of Washington for several years
before returning to Utah. Reversed with
costs to plaintiff.

In the Utah divorce plaintiff was awarded custody of four children and $200 for their support. In 1966 defendant went to Washington and got behind in payments. The plaintiff instituted an action under the Uniform Reciprocal Support Act of 1963 (Laws of Utah 1963, Ch. 190; Title 77–61a, Utah Code Annotated 1953, as amended, Vol. 8, U.C.A.1953, 1971 Pocket Supp., p. 171),[1] to recover the delinquencies. The King County Superior Court of Washington entered an order requiring defendant to pay $160 per month, based on a signed agreement between defendant who did not go to court, and a deputy prosecuting attorney who represented the plaintiff. The $40 monthly differential had the effect of reducing the erstwhile amount of income in the Utah decree by $800 by the time defendant returned to Utah. Plaintiff had him cited to show cause why he should not be held in contempt for not paying the full amount decreed in the divorce action. At the hearing the trial judge ordered him to pay the $800 plus $75 attorney's fees, which are the only subjects of this appeal, together with $200 per month in the future, as decreed in the divorce action. Defendant later made a motion to vacate the judgment as to the "arrearages" and attorney's fees, which motion was granted.

■■■■ The trial court chose to adopt defendant's contention that plaintiff was not entitled to nor could she collect the $40 monthly accruals or differentials because the Washington court had modified the Utah decree, under the uniform reciprocal support acts. We do not go along with such contention. It is true that under these acts a "responding" state (Washington) may set a different amount that the "obligor" (defendant) must pay, and in that sense there is a "modification" of an *amount*, but we do not believe and do not hold that the *decree* of the "initiating" state (Utah) was modified, vacated, reformed or eliminated. That decree was never modified by the Utah court, which should be given full faith and credit until changed by a duly constituted Utah court, and particularly where no evidence supports a changed circumstance situation, —not the case here. There appears to be nothing in either the Washington or Utah acts that points up any urgence for defendant's contention. On the contrary, it appears that those enactments actually recognize and respect the judgments of sister states,—when in the Washington act (26.-21.190) and the Utah act (77–61a–30) under "Application of Payments," both say that

No order of support issued by a court of this state when acting as a responding state shall supersede any other order of support but the amounts for a particular period paid pursuant to either order

---

1. See also the almost identical Washington Act: Ch. 45, Laws of Washington 1963, Ch. 26.21, Revised Code of Washington.

*shall* be credited against amounts accruing or accrued for the same period under both.

It seems to be accepted in legal and societal circles that the very purpose of these almost universally enacted reciprocal support enforcement laws is to make meaningful the lawful support orders and judgments of sister states in toto,—not to abort, emasculate, or water them down, until some legitimate basis therefor could be shown,— not present here. Such concept seems to be inherent in the acts themselves where universally they say that "duty of support" includes any "duty of support imposed or imposable by law, or by any court order, decree or judgment . . ." and where they interdict that "The remedies herein provided are in addition to and not in substitution for any other remedies." The contention of defendant in this case that Utah should give full faith and credit to the Washington order for a lower amount to the exclusion of Washington's giving full force and credit to the Utah decree, which never had been altered, and for which contention there is no justification in the reciprocal support enforcement acts' language, would make it appear that such fare represents a juridical upside down case difficult to digest.

Defendant's counsel earnestly contends that Davidson v. Davidson, 66 Wash.2d 780, 405 P.2d 261 (1965), is controlling here. We think not. That case is one where there was no valid, subsisting decree of a sister state to enforce, and the court simply said under the legislation the "responding" state could establish the fact of "the duty of support" but it did not say the responding state had the power to destroy the legitimate judgments of sister states. Were that the rule, constitutionality would raise its head, and lawyers specializing in real and personal property interests as they relate to recording acts, might seek a convenient wall up which to climb.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.