No. 13409

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

DIANE V. CAMPBELL, formerly
DIANE V. JENNE,

Plaintiff and Petitioner,

vs.

SHERMAN G. JENNE,

Defendant and Respondent.

Appeal from Fourth Judicial District Court
        Honorable E. Gardner Brownlee, Judge Presiding.

Counsel of Record:

    For Appellant:

        Milodragovich, Dale & Dye, Missoula
        Harold V. Dye argued, Missoula, Montana

    For Respondent:

        Douglas G. Harkin, Co. Atty., Hamilton
        Douglas G. Harkin argued, Hamilton, Montana

Submitted: January 17, 1977

Decided: APR 29 1977

Filed: APR 29 1977

Thomas J. Kearney
                                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

In an action by the mother of two minor children to enforce a $100 monthly child support award in a 1967 Nevada divorce decree, the district court of Missoula County held that the Nevada award was modified by later support orders of $40 monthly in a 1969 Idaho Uniform Reciprocal Enforcement of Support Act proceeding and in a 1973 Montana Uniform Reciprocal Enforcement of Support Act proceeding and computed the arrearage accordingly. The mother appeals.

The parties were married on September 1, 1961. Two children were born as issue of the marriage: Sherman William Jenne, born May 3, 1962 and Marjorie Jane Jenne, born October 17, 1964. Respondent father, Sherman G. Jenne sued appellant mother for divorce in Nevada and the mother was personally served with summons outside the state of Nevada. On February 11, 1967, a Nevada district court granted the father a default divorce, awarded custody of the two minor children to the mother, and ordered the father to pay $100 per month child support to the mother.

In 1969 an action by the mother against the father, under the URESA came before the district court of Kootenai County, Idaho. The mother did not appear personally but was represented by the prosecuting attorney while the father appeared personally without an attorney but representing himself. The father testified and was examined by the prosecuting attorney and by the court. On March 7, 1969, the Idaho district court entered an order that the father pay the mother $40 monthly as child support. The 1967 Nevada decree awarding $100 monthly child support was not mentioned in the Idaho order.

In 1973 a URESA action by the mother against the father came before the district court of Missoula County, Montana.

The mother was represented by the deputy county attorney and the father appeared personally and by his attorney. The father testified. On September 17, 1973, the Montana district court entered an "order of support" requiring the father to pay $40 monthly child support to the clerk of court to be transferred to the clerk of court in Kootenai County, Idaho, for credit to his account there under the Idaho URESA action. No mention was made of the prior Nevada support award of $100 monthly.

Thereafter the mother commenced a civil action in the district court of Missoula County, Montana, to enforce the 1967 Nevada support award of $100 monthly. The father counterclaimed for custody of the minor children but did not request modification of the 1967 Nevada child support award. The case was submitted on stipulated facts and the calculations of each party concerning the amount of child support actually paid by the father since the Nevada decree, which differed only to the extent of $100. On May 4, 1976, the district court granted judgment to the mother in the amount of $2,400, the arrearage due as computed by the father. In effect, the district court held that the Nevada award had been modified and reduced by the later orders in the Idaho and Montana URESA actions. The mother appeals, contending the district court erred in determining such modification and reduction.

The underlying issue on appeal is whether the Nevada decree awarding the mother $100 monthly child support was modified and reduced by the later support orders of the Idaho and Montana courts in the URESA action.

The Nevada court had personal jurisdiction over the father and jurisdiction of the subject matter. Its decree granting a divorce to the father, custody of the minor children to the mother, and ordering the father to pay $100 monthly child

support was valid in Nevada. Accordingly, the Nevada decree is entitled to full faith and credit in the courts of Idaho and Montana. Art. IV, Sec. 1, United States Constitution; Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L Ed 279; Corkill v. Cloninger, 153 Mont. 142, 454 P.2d 911.

The Nevada child support award was not modified by the 1969 URESA child support order of the Idaho court. At that time the original URESA was in effect in Idaho which specifically provided:

> "No order of support issued by a court of this state when acting as responding state shall supersede any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against the anount accruing or accrued for the same period under both." (Emphasis added.) Section 7-1075, Idaho Codes.

The Idaho Supreme Court specifically held that under the original URESA the original divorce decree was not modified:

> "The Uniform Reciprocal Enforcement of Support Act, Chapter 10, Title 7, I.C. provides an auxiliary or supplemental remedy for the enforcement of orders of support. It is, of course, true that the amount of the payments ordered by the court of the responding state is influenced by the ability of the husband at that time to pay, but the authority of the court originally ordering payment is not affected or is its order modified by an order of the court of the responding state fixing another or different sum. (Emphasis added.) Despain v. Despain, 78 Idaho 185, 300 P.2d 500, cited with approval in Howard v. Howard, (Miss. 1966), 191 S.2d 528; Oglesby v. Oglesby, 29 Utah 2d 419, 510 P.2d 1106.

Nor was the 1967 Nevada child support award modified by the 1973 URESA child support order of the Montana court. At that time the original URESA provision had been repealed in Montana and the following provision enacted:

> "A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically

- 4 -

> provided by the court." (Emphasis added.)
> Section 93-2601-7, R.C.M. 1947.

URESA support orders that do not refer to prior support awards do not modify them. In accord: Banton v. Mathers, (Ind.App. 3rd Dist. 1974), 309 N.E.2d 167; Craft v. Hertz, (N.D. 1970), 182 N.W.2d 293.

Thus, the 1967 Nevada decree ordering the husband to pay $100 per month child support remained valid and unmodified and was entitled to full faith and credit by the courts of Montana.

The contentions of the husband that because the Nevada court had continuing jurisdiction to modify its child support order, Montana courts possessed reciprocal and continuing jurisdiction to do likewise and did in fact exercise its jurisdiction by reducing the amount of support owed is rejected as contrary to the facts. The Montana court could have done so by a specific provision to that effect in its order but did not do so as that question was neither litigated nor decided. The order of the Montana court made no reference to the Nevada decree and did not purport to modify it.

The judgment of the district court is reversed. Judgment is entered for plaintiff and appellant Diane J. Campbell in the amount of $7,540, representing the arrearage under the Nevada decree.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

- 5 -