[No. 3682–1–III.   Division Three.   October 7, 1980.]

MARIA A. JARAMILLO, *Petitioner,* COUNTY OF SAN MATEO, *Respondent,* v. BOLIVAR B. JARAMILLO, *Appellant.*

*Bruce Charawell* and *Aitken, Schauble, Patrick & Neill*, for appellant.

*Ronald R. Carpenter, Prosecuting Attorney*, for respondent.

ROE, J.—Maria and Bolivar Jaramillo were married in California, where their son, Jessie, was born. Maria and Jessie have continued to live in California following a final decree of dissolution of marriage made there in 1978. According to the California dissolution decree, Bolivar was ordered to pay Maria $50 per month for the support of Jessie. That decree has never been modified.

After the divorce, Bolivar moved to the state of Washington, where he is presently working.

In 1979, the prosecutor of San Mateo County initiated a complaint pursuant to the uniform reciprocal enforcement of support act (URESA). As a condition to receiving welfare, Maria made an assignment to the County of her claim for Jessie's support from Bolivar. The County then transmitted the complaint to Whitman County pursuant to the act, RCW 26.21.190, which has also been adopted by California with some variation.

At the hearing in Whitman County, the Superior Court increased the amount of support from $50 to $150 per month. Bolivar did pay this support ordered by the court for 3 months, but after another 4 months of paying a lesser sum, he paid nothing. He then moved for relief from the support order. The court denied his motion, and found that he was unmarried with no dependents, earned $650 per month, and owed $645 in back support.

██ URESA was formulated to "provide a uniform, simplified, and convenient method whereby a dependent could obtain needed monetary support from another, obligated to provide such, . . ." *Yetter v. Commeau,* 84 Wn.2d 155, 158, 524 P.2d 901 (1974). The act allows the petition filed in one state to be transmitted to a court in the state which can obtain jurisdiction over the obligor or his property. The prosecuting attorney of that county is then responsible to locate the obligor and bring action on the petition. RCW 26.21.112.

RCW 26.21.190 provides:

No order of support issued by a court of this state when acting as a responding state shall *supersede* any other order of support but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.

(Italics ours.)

The question is, does the Washington court as the responding state have the authority to increase the amount of support? RCW 26.21.060 provides:

Duties of support applicable under this law are those imposed or *imposable under the laws of any state where the obligor was present during the period for which support is sought.* The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.

(Italics ours.)

██ Bolivar first contends that the trial court erred in applying the law of Washington rather than the law of California in increasing the amount of child support. But in doing so, he relies upon *People ex rel. Kerl v. Kerl,* 75 Ill. App. 3d 347, 393 N.E.2d 1305 (1979). There, an order for support was entered in conjunction with a divorce decree requiring the ex-husband to pay $30 per week for child support. The ex-wife then moved to Oregon, where she brought an action under URESA, requesting $150 per month in support. Prior to the time for the hearing, Illinois,

which had granted the $30 per week, terminated all support. The Illinois court then held that where a support order is issued by another court prior to the responding URESA court's decision, the URESA court must conform its support order to the amount allowed in the other action. Thus, where the previous court completely terminated the support, the URESA petition must also be dismissed. We find the law of Washington, not Illinois law, governs.

In *Davidson v. Davidson,* 66 Wn.2d 780, 405 P.2d 261 (1965), the plaintiff wife had initiated divorce proceedings in California against the defendant who was in Washington. The California divorce decree provided that the ex–husband pay $350 a month for the support and maintenance of his ex–wife. Later, she brought a complaint under URESA in California to enforce the support obligation. Appropriate certificates of the proceedings were sent to King County, Washington; there, the King County court proceeded to hear the case according to URESA. The husband disputed that $350 per month according to the divorce decree could be enforced against him because there was inadequate jurisdiction upon him. The King County court dismissed the action because of that allegation. In addition to jurisdiction, the question presented was whether there was a duty to support an ex–wife when the original divorce decree contained no valid order for alimony.

The Washington Supreme Court held a husband could not avoid paying support by leaving the state. If that were possible, it would defeat the main purpose of the reciprocal support act. It further found that the reciprocal support acts of California and of Washington may be invoked by an ex–wife to compel the appearance of her ex–husband in the court of the responding state to determine her rights and need of support and his duty to support. This determination is made without reference to any amount indicated or obligation to pay the same under the previous divorce decree. *Davidson v. Davidson, supra* at 784, citing *Harmon v. Harmon,* 160 Cal. App. 2d 47, 324 P.2d 901 (1958). Any

other result would mean that the ex–wife would have to travel possibly across the nation for personal jurisdiction to collect support from an ex–husband. The right of support and the amount should be adjudicated in the state where the obligor resides.

Bolivar also advances another argument alleging the trial court did not have subject matter jurisdiction to issue a support award. He urges this court to find a URESA action a modification of the original award rather than an independent action. His interpretation would be counter to the result reached in other jurisdictions which have considered the issue. *See Despain v. Despain,* 78 Idaho 185, 300 P.2d 500 (1956); *Campbell v. Jenne,* 172 Mont. 219, 563 P.2d 574 (1977); *County of Stanislaus v. Ross,* 41 N.C. App. 518, 255 S.E.2d 229 (1979); *Oglesby v. Oglesby,* 29 Utah 2d 419, 510 P.2d 1106 (1973). The statute provides that the remedies under URESA are additional and not substitutional. RCW 26.21.020.

In *Davidson v. Davidson, supra* at 786, the court stated:

> The court in the responding state has power to make an independent order fixing an amount of support different from that called for by a divorce decree rendered in another state. . . .
> The responding state must determine the duty of support under its own laws.

The reciprocal support act should be liberally construed. Actually, the duty of support is the only real issue in a proceeding under URESA. *Davidson v. Davidson, supra* at 786.

This principle was confirmed in *Yetter v. Commeau, supra,* in which a married woman sought support from the defendant, alleging that he was the father of her child. The court referred to RCW 26.21.010(6) at page 158:

> (6) "Duty of support" includes *any duty* of support imposed *or imposable by law,* or by any court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, separate maintenance *or otherwise.*

*Yetter* held that the remedies provided include duties of support and arrearages, and are enforceable by action irrespective of the relationship between the obligor and the obligee.

The court then stated:

> Reading these provisions in a liberal light consistent with the remedial purposes of the URESA, it appears clear that the legislation undertakes to provide remedies in addition to existent remedies, and contemplates the imposition and enforcement of any duty of support, regardless of the relationship between the obligor and obligee, imposable under the law of the state where the obligor was present during the period for which support is sought.

*Yetter v. Commeau, supra* at 159.

Finding that a father in that case may be liable for the support of an illegitimate child, the court held that the factual question of paternity, as a precursor to a duty of support, may be resolved in a URESA proceeding, and held that the duty to support in this type of action need not be established in an independent or ancillary court action but may be resolved in the URESA hearing. Thus, relying on the term, imposable by law, the court held the action good.

■ RCW 26.21.190 prohibits a responding court from issuing an order which will supersede any other order of support. Bolivar therefore argues that the Whitman County court could not issue an order which is different from that in the original California decree. However, the purpose of this statute is not to protect the obligor from increased payments, but from double payment, as any payments made are credited against the amount owed under any order. *Howard v. Howard,* 191 So. 2d 528, 531 (Miss. 1966). Bolivar will be credited for any payments he makes to the Whitman County court; he may not use the statute to avoid an increased amount of support which his child needs. The duty of support determined in a URESA action is not always an increase over that set in the original dissolution decree. The purpose of a URESA hearing is to assure a

responding state that it can take the individual circumstances of an obligor into account in making its decision. Thus, a responding state may decrease, rather than increase, the obligor's obligation if the circumstances warrant it, as is done in many cases.

We hold under the liberal interpretation of URESA in our state that an independent action decides the amount of support properly due a person. This may be decided by the responding state. Hence, we affirm the increase in the award from $50 to $150 per month.

MCINTURFF, A.C.J., and MUNSON, J., concur.

Reconsideration denied November 12, 1980.

Review denied by Supreme Court January 30, 1981.