Katherine W. MULLIS, Appellant,

v.

C. Howell MULLIS, Jr., Ph.D., Appellee.

No. 55349.

Supreme Court of Oklahoma.

April 26, 1983.

As Modified on Grant of Rehearing
Sept. 13, 1983.

Lucy O. Creekmore, Asst. Dist. Atty., Tulsa, for appellant.

Sanders, McElroy & Carpenter by Donald E. Hammer, Tulsa, for appellee.

WILSON, Justice.

Arising under the auspices of the Uniform Reciprocal Enforcement of Support Act (URESA), this case of first impression presents two distinct issues. First, did the trial court retain jurisdiction over the former husband's Motion to Reduce Alimony after the former wife voluntarily dismissed her action to enforce the Alabama court's

order awarding her periodic alimony? If so, did the evidence support the trial court's termination of the alimony?

On January 26, 1977, Katherine and C. Howell Mullis were divorced by final decree of the Circuit Court for Tuscaloosa County, Alabama. The Decree directed Howell to pay Katherine $750 per month as periodic alimony. Howell ceased paying the alimony July 1, 1979. Since Howell was then residing in Oklahoma, Katherine filed her petition in the Circuit Court for Tuscaloosa County pursuant to the provisions of URESA. Howell's initial answer to Katherine's petition was effectively a denial of liability. On January 10, 1980, Howell sought affirmative relief by filing a Motion to Reduce Alimony "in accordance with the changed circumstances of the parties".

On February 15, 1980, the trial court found that Howell had owed a duty of support from July 1, 1979, to the date Howell filed his Motion to Reduce, and entered judgment for $4,875 in favor of Katherine for alimony due during that time. The hearing on Howell's Motion was passed until April 4, 1980, and heard on May 9, the same day that Katherine filed her Motion to Dismiss Without Prejudice.

After considering the pleadings and arguments of the parties, the trial court held that the periodic alimony should be modified "by reason of changed circumstances". The trial court ordered that Howell would not be "obligated to pay any further alimony or support to the petitioner accruing from and after January 1980".

Katherine appeals, asserting her voluntary dismissal terminated the trial court's jurisdiction over the subject matter of her URESA petition.

URESA seeks to improve and extend the enforcement of an obligor's duty to support through reciprocal legislation establishing procedural uniformity. 12 O.S.1981, § 1600.2. To this end, URESA provides the obligee distinct enforcement procedures. Katherine sought enforcement by filing her petition certifying the Alabama Decree to the responding Oklahoma court. The Oklahoma court was empowered to receive the Decree as evidence of Howell's duty to support Katherine. 12 O.S.1981, § 1600.20c. Once the trial court adjudicated Howell's duty, it could then order Howell to "furnish support". 12 O.S.1981, § 1600.21. Under 12 O.S.1981, § 1600.28, the court in the responding state may fix the support payment at a different amount than that specified by a decree of a sister state.[1] *See Ibach v. Ibach,* 123 Ariz. 507, 600 P.2d 1370 (Ariz.1979).

There is a division of opinion whether this procedure confers the responding court with power to order an amount different from that ordered in the prior decree. A majority of jurisdictions hold that modification of future obligations at least is permitted if the responding court finds the modification justified. *Jaramillo v. Jaramillo,* 27 Wash.App. 391, 618 P.2d 528 (Wash.App. 1980); *Koehler v. Koehler,* 559 S.W.2d 944 (Tenn.App.1977); *Commonwealth v. Byrne,* 212 Pa.Super. 566, 243 A.2d 196 (Pa.Super. 1968); *Moore v. Moore,* 252 Iowa 404, 107 N.W.2d 97 (Iowa 1961). The persuasive reasoning supporting this interpretation is that the URESA court should be allowed to consider the totality of the circumstances, especially since the court must first determine whether a duty to support[2] exists at

1. 12 O.S.1981, § 1600.28, provides:

A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this state pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited

against the amounts accruing or accrued for the same period under any support order made by the court of this state.

2. URESA defines "duty of support" to mean "a duty of support whether imposed or imposable by law or by order, decree or judgment of any court, whether interlocutory or final or whether incidental to an action for divorce, separation, separate maintenance, or otherwise and includes the duty to pay arrearages of support past due and unpaid. 12 O.S.1981, § 1600.3(b).

all. *See Fox, Uniform Reciprocal Enforcement of Support Act,* XII Family Law Quarterly 114, 130 (1978).

■ We find the majority to be the better reasoned rule and apply its standards to this case. By submitting to the Oklahoma court's jurisdiction through her URESA petition, Katherine placed the issue of Howell's duty to support her before the court. Katherine's voluntary dismissal, interposed after she had obtained affirmative relief from the court for arrearages, did not divest the court of jurisdiction over the remaining issue of Howell's motion to reduce future support. Having sought affirmative relief, and in light of the policy of liberal construction of URESA,[3] Howell had a cognizable right to an adjudication of his motion. *See Popenhager v. Popenhager,* 160 Cal.Rptr. 379, 99 Cal.App.3d 514 (1979); *Louisiana v. Phillips,* 39 Or.App. 325, 591 P.2d 1196 (Or.App.1979); and on reconsideration, *Louisiana v. Phillips,* 40 Or.App. 547, 595 P.2d 1276 (Or.App.1979).

■ The remaining issue is whether the Court's termination of periodic alimony is supported by the evidence. Although the type of alimony awarded by the Alabama court would be void if initially awarded in Oklahoma,[4] because it can be modified in Alabama, the support provision can be readjusted in this state.[5] The record before us is insufficient for us to determine whether the trial court was correct when it terminated appellee's support obligation.[6]

■ The appellee contends that he was present and ready to proceed with evidence in support of his motion, but that the motion was treated as a default matter after appellant refused to proceed. We agree with the appellee's position. His motion was a request for affirmative relief,[7] and his right to proceed with the action could not be prejudiced by the appellant's dismissal.[8]

This cause is remanded for a determination on the merits of appellee's motion to modify.

BARNES, C.J., and HODGES, LAVENDER, DOOLIN and HARGRAVE, JJ., concur.

SIMMS, V.C.J., and IRWIN, J., concur in result.

OPALA, J., concurs in judgment.

---

3. *Yetter v. Commeau,* 84 Wash.2d 155, 524 P.2d 901 (Wash.1974); *Davidson v. Davidson,* 66 Wash.2d 780, 405 P.2d 261 (Wash.1965); *Jaramillo v. Jaramillo, supra.*

4. *Steincamp v. Steincamp,* 593 P.2d 495 (Okla. 1979).

5. *Carpenter v. Carpenter,* 645 P.2d 476, 482 (Okla.1982).

6. *Id.*

7. The trial court acknowledged in the journal entry that appellee had sought affirmative relief because he sought to have his obligation to pay alimony modified. The syllabus in *Brown v. Massey,* 19 Okla. 482, 92 P. 246 (1907) states:
   "Where a petition is filed by the plaintiff, and the defendant by his answer, in addition to the general denial, pleads facts which would warrant the granting of affirmative relief, and after filing such answer, and before a reply is filed, the plaintiff by leave of court dismisses his action, the defendant will be allowed to pursue his remedy for affirmative relief as set up in his answer, and on a motion for judgment on the pleadings for the reason that the allegations of the answer asking for affirmative relief are undenied, the court should either sustain the motion, or rule the plaintiff to file a reply to the affirmative part of the answer so that the issue may be raised and tried by the court. A failure or refusal to do either is error, for which the case will be reversed."

8. It is provided by 12 O.S.1981 § 684 in pertinent part:
   "A plaintiff may, on the payment of costs and without an order of court, dismiss any civil action brought by him at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss his action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action. . . . "