221 N.J. Super. 282 (1987)
534 A.2d 419
ANNE BANKS, PLAINTIFF-RESPONDENT,
v.
ROBERT J. BANKS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 5, 1987.
Decided November 25, 1987.
*283 Before Judges FURMAN, BRODY and LONG.
Edward P. Ruane argued the cause for appellant (Shevick, Ravich, Koster, Tobin, Oleckna & Reitman, attorneys).
Stephen C. Leonard argued the cause for respondent (Leonard & Leonard, attorneys).
The opinion of the court was delivered by FURMAN, P.J.A.D.
Defendant appeals from a post-judgment order in a divorce proceeding, challenging the fixing of the arrears in support payments owed by him in accordance with the judgment of divorce and pendente lite support order in this State, and not in accordance with an intervening Tennessee order entered pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA), N.J.S.A. 2A:4-30.24 et seq.; Tenn. Code Ann. § 36-5-201 et seq. We affirm.
The judgment of divorce between the parties in February 1984 imposed the obligation on defendant husband to pay support of $150 per week, unallocated, for plaintiff wife and the four children of the marriage. Defendant was then unemployed. He moved back to Tennessee where his parents lived. He failed to gain reemployment and fell far behind in his support payments. The amounts of arrears owed by him were twice reduced to judgment in this State upon plaintiff's motions to enforce litigant's rights, both times with defendant represented or participating pro se: a $5,768.63 judgment in April 1984 and a $6,300 judgment in April 1985.
*284 Plaintiff's complaint under URESA, dated September 1985, was transmitted to Knox County, Tennessee, where defendant resided. The Assistant District Attorney of Knox County represented plaintiff. The Circuit Court Judge, after reciting that "the State and the Defendant were now in agreement as to the appropriate findings of fact and the appropriate relief to be granted," reduced defendant's "current ongoing support obligation" to $30 per week, reduced the total arrears then owed to $4,639.63 with a credit or off-set to defendant "due to a period of diminished ability to pay support during unemployment," and ordered defendant to pay an additional $10 per week towards the accumulated arrears.
Subsequently, in July 1986 and November 1986, the Chancery Division, Family Part in this State entered orders enforcing defendant's support obligation of $150 per week under the divorce judgment and fixing the total arrears owed by him at $38,000[1], notwithstanding the Tennessee URESA order. Appeal is brought from the November 1986 order, which obligated defendant to convey by deed to plaintiff his one-half interest in the former marital home in full satisfaction of all his "debts and liabilities" to plaintiff as of that date. There is no cross-appeal by plaintiff from the valuation of the parties' net equity in the former marital home at $76,000, although at oral argument plaintiff's attorney suggested that valuation was too high.
Defendant's argument mistakes the URESA legislative scheme of nonsupersession. N.J.S.A. 2A:4-30.53 provides:
A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of this State pursuant to any other law or by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of *285 priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this State.
The comparable nonsupersession provision in Tennessee, Tenn. Code Ann. § 36-5-226, provides:
Any order of support issued by a court of this state when acting as a responding state shall not supersede any previous order of support issued in a divorce or separate maintenance action, but the amounts for a particular period paid pursuant to either order shall be credited against amounts accruing or accrued for the same period under both.
According to United States v. Stephens, 472 F. Supp. 14, 16 (E.D.Tenn. 1979), aff'd w.o. op., 659 F.2d 1083 (6th Cir.1981):
The Reciprocal Enforcement statute, Tenn. Code Ann. §§ 36-901 et seq., under which Cecelia Stephens appeared before the Fourth Circuit Court, simply does not empower a Tennessee court to render void the valid orders of a foreign jurisdiction. See Hester v. Hester, 59 Tenn. App. 613, 443 S.W.2d 28 (1968). Pursuant to the Act, a Tennessee court may modify a foreign support judgment for the limited purposes of its own enforcement, see Koehler v. Koehler, 559 S.W.2d 944 (Tenn. Ct. App. 1977), but such action by the court does not affect the underlying validity of the foreign decree.
Concurring that the order of a responding state, such as Tennessee on the appeal before us, may modify a support judgment or order of an initiating state solely for the purpose of enforcement in the responding state, without affecting the validity or enforceability of that judgment or order in the initiating state which entered it: Sheres v. Engelman, 534 F. Supp. 286 (S.D.Texas, 1982); Armstrong v. Armstrong, 83 Ill. App.3d 1062, 39 Ill.Dec. 417, 404 N.E.2d 1008 (App.Ct. 1980); Nichols v. Bardua, 74 A.D.2d 566, 424 N.Y.S.2d 288 (1980).
A factual complication on this appeal is that the Tennessee court not only reduced defendant's support obligation in futuro but also reduced the amount of arrears owed by him, notwithstanding the entry of two judgments for arrears in this State which were entitled to full faith and credit in Tennessee. The Tennessee order recites an agreement between defendant and the Assistant District Attorney representing plaintiff to fix the arrears at a substantially lesser figure than the total of the two *286 judgments. That agreement would be effective, if at all, solely for the purpose of enforcement in Tennessee. Under the legislative scheme of nonsupersession, the arrears under this State's support order of $150 per week were not vacated by the Tennessee order but remained an enforceable liability, subject to a credit for amounts paid by defendant pursuant to the Tennessee order.
We affirm.
NOTES
[1] That figure includes interest on the arrears at 12%; a differential of $3,300 in the value of the car plaintiff received and the value of the car defendant was ordered under the divorce judgment to turn over to her; and a counsel fee of $5,000 together with interest at 12%, which plaintiff would become obligated to pay upon the conveyance to her of defendant's one-half interest in the former marital home.